UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELAINE-BARBARA: NEISWENDER™

    Plaintiff,

    v.

BANK OF AMERICA, et al.,

    Defendants.
_____/

No. C 09-2595 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiff Elaine-Barbara: Neiswender™ initiated this action on June 11, 2009 by filing a motion for "emergency injunctive and declaratory relief." She did not file a complaint. She claims that her home was threatened with foreclosure as of June 15, 2009, and seeks a temporary restraining order and a preliminary injunction prohibiting defendants Bank of America and Joe Price CEO from selling her home "by foreclosure auction without due process in law."

    The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. In other words, "the first step in the action is the filing of the complaint." Id., Advisory Committee Notes, 1937 Adoption. Here, without a complaint, the case cannot proceed.

    Without a complaint, the court cannot ascertain the basis for jurisdiction. Nor can the court determine what causes of action plaintiff intends to assert against defendants. Moreover, the court cannot consider an application for injunctive relief in the absence of a complaint.

1  A request for a temporary restraining order is governed by the same general
2 standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd.
3 v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John
4 D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).
5  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
6 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
7 that the balance of equities tips in his favor, and that an injunction is in the public interest.
8 Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); see also
9 Munaf v. Geren, 128 S.Ct. 2207, 2218-19 (2008).
10  Absent a complaint, the court cannot determine whether the plaintiff is likely to
11 succeed on the merits, as "success on the merits" refers to the likelihood of prevailing on
12 the causes of action asserted in the complaint. See, e.g., In re Focus Media Inc., 387 F.3d
13 1077, 1086 (9th Cir. 2004). Accordingly, the application for a temporary restraining order is
14 DENIED.
15  The court is ordered to close the file. In view of plaintiff's failure to file a complaint, a
16 civil case number was improvidently assigned.

**IT IS SO ORDERED.**

Dated: June 23, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge